Nicholson, C. J.,
delivered the opinion of the court.
In October, 1862, Gill loaned to W. S. Creed $1,500 in Confederate money, and took his note therefor,. with D. Morris and another as sureties. In 1865, Gill attached the property of Creed, as an absconding debtor, for the purpose of satisfying the $1,500 note. He obtained a judgment against Creed on the note, and a decree for the sale of the land attached. Creed appealed to the_Supreme Court, and in 1866 the court held that the note was based on an illegal consideration, and dismissed the bill.
In 1870, Gill commenced his action of debt in the Circuit Court of Grainger county against Morris, *618 on the note for $1,500 made by Creed, and signed by Morris as security. Morris relied on the decree of this court, adjudging that the consideration of the note was illegal, as a bar to any recovery against him as a security of Creed. The court held that the decree was a bar, and gave judgment for Morris, from which Gill has appealed.
It is conceded to be the settled law, that to make a former judgment a bar, it must have been a suit involving the same cause of action, between the same parties or their privies, and upon the merits. McKissick v. McKissick, 6 Hum., 75; Hurt v. Mean, 2 Sneed, 546.
In the case of Seat v. Cannon, Judge Turley thus states the rule and the reason of it: “It is a well settled principle of law, that no one who is not a party, or in the relation of a representative of a party, is estopped from inquiry into the merits of a judgment by which his rights are sought to be affected, for the plain common-sense reason, that he shall not be judged without being heard.” This was said in regard to the right of a security of an administrator to resist a suit against him on the bond, after judgment had been rendered against the administrator, his principal.
Upon the principal here laid down, it is clear that if this court, instead of holding that the note was void because of illegality in the consideration, had held that Confederate money was a good consideration, and for that reason had given judgment for Gill against Creed, upon a subsequent suit against Morris *619 as surety he would not have been precluded, by reason of the judgment against his principal, from resisting a recovery; and this, in the language of Judge Turley, “upon the common-sense reason that he shall not be judged without being heard.”
But here this court held that the note was-void as against Creed, the principal, because given on. an illegal consideration. That holding is to be followed as the law of that case, however erroneous we-now regard it. That case was between Gill, the-payee of the note, and Creed, the principal payer.. As between them, the law was settled that Gill could have no recovery on that note against Creed. Under our law, Gill was- not prevented, by reason of the-judgment in favor of Creed, from instituting another suit on the same note against either of the other-makers of the note. This right is expressly secured to him by the statute. If he had been met by the plea, of res judicata, the answer that the former suit was between different parties, would have been conclusive, unless it could be shown that Morris occupied towards Creed the relation of a representative or privy-But by our statute all joint obligations are made joint and several, and the obligee may sue all the obligors jointly, or he may sue them all successively. It follows that the relation of representative or privy did not exist between them, and, therefore, that the-former suit and the present not being between the same parties, the former judgment is res inter alios-acta, and cannot be pleaded as, an estoppel.
By the civil law, the case of principal and surety *620 •does not fall within the rule of res inter alios acta. By the civil law, the surety accedes to, and becomes bound immediately by, the contract of the principal, and the former taking the place of the latter for any purpose of responsibility, whether actual or contingent: Pothier Oblig., part 2, ch. 6, sec. 1. But by the common law, the surety is bound by the terms of his own engagement, without regard to the stipulations ■of his principal. Hence, as by the civil law the surety is treated as a representative or privy of the principal, a judgment for or against the principal is •an estoppel against a subsequent suit against the surety. But by the common law, and by our own as regulated by statute, the surety not being regarded ■as a representative or privy, the common law rule or res inter alios acta prevails.
This question is elaborately examined in 2 Amer. Lead. Cases, 378 to 457, where the authorities are reviewed, and the rule laid down as follows: “When the contract into which the principal and surety have ■entered is purely joint in its origin, or is rendered so by the form in which action has been brought ■upon it, a judgment for or against the former will, -of course, be a complete bar to any future proceedings against the latter, as a consequence of the gen-oral rule of law, and apart from the peculiar relations existing between them. • Whenever, however, their obligations arise, either out of distinct contracts, or out of a contract joint and several in its nature, it is' somewhat difficult to determine whether one can be bound or released by a judicial determination for or *621 against the other. The estoppel of judgment is limited to parties and privies: 2 Smith’s Lead. Cas., 683, 5th Am. ed. And it would seem plain, that there is nothing in the relation between joint contractors, whether they stand in the position of principal and surety, or are both principals, to render them privies to any suit or action in. which they are not. parties.”
But while the weight of authority fully sustains the general proposition, that a judgment for or against the principal is res inter alios aeta, and therefore cannot operate as an estoppel in a subsequent proceeding between the creditor and the surety, yet it seems impossible to reconcile this rule, in its full extent, with the well established principle that everything which operates as a partial or total exoneration of the principal, will necessarily have the same effect in favor-of the surety. < It is obvious that if the rule of res inter alios acta is applied to a case in which the-principal has been discharged, there may be a judgment against a surety who will either have no indemnity against his principal, or if he has, then the principal will be indirectly subjected to a liability from which he had been legally discharged. In view of the difficulty in harmonising the conflict between the two rules in the case stated, the editor of the Am. Lead. Cases, vol. 2, p. 440, says: “Hence,, while the estoppel of the judgment, viewed solely as a judicial sentence, will be confined to the parties between whom it is rendered, it will, notwithstanding, have the same effect as any other transaction which *622 .gives the principal rights inconsistent with those which fhe creditor seeks to enforce against the surety, and will constitute a defense which would always have been good in equity, and which should now be sustained in a court of law.”
The result is, that when suit is brought against a surety for a debt from which the principal has been discharged by a court of competent jurisdiction, the surety is entitled, upon proof of the fact of valid discharge, to rely upon the judgment of discharge as an estoppel; and this must be regarded as an exception to the general rule of res inter alios acta.
It follows that there was no error in the judgment, and the same is affirmed.